IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01331-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 1 2009

GREGORY C. LANGHAM
CLERK

RICHARD EVANS,

    Applicant,

v.

ARISTEDES W. ZAVARAS, Executive Director, Colorado Dept. of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Richard Evans, is in the custody of the Colorado Department of Corrections and currently is incarcerated at Kit Carson Correctional Facility in Burlington, Colorado. Mr. Evans initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 98-CR-2458 in the Adams County District Court of Colorado.

In an order entered on August 7, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 24, 2009, Respondents filed a Pre-Answer Response. Mr. Evans filed his Reply on September 17, 2009.

The Court must construe liberally the Application filed by Mr. Evans because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On June 3, 1999, Mr. Evans was convicted by a jury of sexual assault on a child and sexual assault on a child as a pattern of sexual abuse. Pre-Answer Resp. Ex. A at p. 10 (State Register of Actions). On August 3, 1999, he was sentenced to consecutive sentences of six years on the first conviction, and twelve years on the second conviction. *Id.* at 11.

Mr. Evans filed a direct appeal to the Colorado Court of Appeals (CCA) on October 18, 1999. *Id.* The CCA affirmed his conviction on July 26, 2001. **See People v. Evans**, No. 99CA1830 (Colo. App. July 26, 2001) (unpublished opinion). Mr. Evans then petitioned the Colorado Supreme Court (CSC) for certiorari review, which the CSC denied on December 17, 2001. Pre-Answer Resp. Ex. A at p. 11.

On April 23, 2002, Mr. Evans filed a motion for reconsideration of his sentence pursuant to Colorado Rule of Criminal Procedure 35(b). *Id.* at 11. The trial court denied the motion on April 26, 2002. *Id.*

On November 12, 2002, Mr. Evans filed a *pro se* motion for correction of his sentence pursuant to Rule 35(a). *Id.* at 12. The trial court granted the motion in part on November 12, 2002. *Id.*

On March 11, 2004, Mr. Evans filed a *pro se* motion pursuant to Rule 35(c). *Id.* The trial court appointed counsel for Mr. Evans, and counsel filed a supplemental Rule

35(c) motion on December 17, 2004, alleging ineffective assistance of trial counsel. *Id.* The trial court held a hearing on the Rule 35(c) motion on January 6, 2006, and denied the motion from the bench on that same day. *Id.* at 13. Mr. Evans appealed the trial court's denial of his Rule 35(c) motion to the CCA, and the CCA affirmed the trial court on December 13, 2007. **See People v. Evans**, No. 06CA2458 (Colo. App. Dec. 13, 2007) (unpublished opinion). Mr. Evans then sought certiorari review in the CSC, which was denied on March 17, 2008. Pre-Answer Resp. at Ex. Q.

Mr. Evans then filed the instant action, which was received by the Court on June 1, 2009. On June 8, 2009, Magistrate Judge Boland ordered Mr. Evans to file an Amended Application. After receiving an extension of time, Mr. Evans filed an Amended Application on July 28, 2009. In the Amended Application, Mr. Evans asserts eight claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right

>   asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Evans' criminal case became final. Because Mr. Evans filed a direct appeal, his conviction became final ninety days after December 17, 2001, the date the CSC denied certiorari review. *See* 28 U.S.C. § 2244(d)(1)(A). Therefore, the Court finds that Mr. Evans' conviction became final on March 18, 2002.[1] As such, the one-year statute of limitations began to run on March 19, 2002, the next business day after the conclusion of the time to appeal. *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Evans' state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year

---

[1] The ninetieth day after December 17, 2001, was March 17, 2002. However, March 17, 2002, was a Sunday. Therefore, the filing deadline extended until March 18, 2002. *See* C.A.R. 26(a).

4

limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." ***Artuz v. Bennett***, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

***Habteselassie v. Novak***, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. ***See Gibson v. Klinger***, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." ***Barnett v. Lemaster***, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." ***Gibson***, 232 F.3d at 804.

There were no pending motions in Mr. Evans' state court action between March 19, 2002, and April 22, 2002. These **35** days are credited against the one-year statute of limitations. Mr. Evans filed a Rule 35(b) motion on April 23, 2002. Pre-Answer Resp. Ex. A at p. 11. The trial court denied the motion on April 26, 2002. ***Id.*** Mr. Evans then had 45 days, or until June 10, 2002, to appeal the trial court's denial of the motion for sentence reconsideration to the CCA. ***See*** Colo. App. R. 4(b).

Mr. Evans did not file an appeal.

Therefore, the limitation period began to run again on June 11, 2002. There were no pending motions in the state court action between June 11, 2002, and November 11, 2002. These **154** days are credited against the one-year statute of limitations. Mr. Evans filed a Rule 35(a) motion on November 12, 2002, which the trial court granted in part on November 12, 2002. Pre-Answer Resp. Ex. A at p. 12. Mr. Evans then had 45 days, or until December 30, 2002,[2] to appeal the trial court's ruling on the Rule 35(a) to the CCA. *See* Colo. App. R. 4(b). Mr. Evans did not file an appeal.

Therefore, the limitation period began to run again on December 31, 2002, and expired on June 25, 2003, the 176th day after the limitation period began to run (**35 days + 154 days + 176 days = 365 days**). Because the one-year limitation period expired before Mr. Evans filed his next postconviction motion on March 11, 2004, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Accordingly, the Court finds that the limitation period expired approximately five years and eleven months prior to the filing of the application on June 1, 2009. Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

---

[2] The forty-fifth day after November 12, 2002, was December 28, 2002. However, December 28, 2002, was a Saturday. Therefore, the filing deadline extended until December 30, 2002. *See* C.A.R. 26(a).

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson**, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. **See id.** Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. **See Miller**, 141 F.3d at 978. Finally, Mr. Evans bears the burden of demonstrating that equitable tolling is appropriate in this action. **See id.** at 977.

Mr. Evans fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Evans has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this ___1st___ day of ___Oct.___, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01331-BNB

Richard Evans
Prisoner No. 101747
Kit Carson Corr. Center
PO Box 2000 - Unit DA203
Burlington, CO 80807

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/1/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk